## Farmers Nursery Company *v.* Cowan, Appellant.

*Railroads—Common carriers—Perishable goods—Delay.*

In an action against a railroad company to recover damages for the loss of perishable goods, a judgment for the plaintiff cannot be sustained where the evidence shows that the goods were packed so as to remain in good condition from two and one half to three and one half days from delivery to the initial carrier, that the initial carrier consumed about two and three quarters days in transporting the goods about fifty miles, and that the defendant company could not transport them in less than two or three days over the 350 additional miles to the point of destination.

In such a case the plaintiff gains no advantage from any presumption that goods delivered to the initial carrier in good order remained so to destination, since the evidence showed that the goods shipped could not have remained in good order beyond a limited time.

Argued April 18, 1902.    Appeal, No. 39, April T., 1902, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1899, No. 99, on verdict for plaintiff in case of Farmers Nursery Company v. John K. Cowan and Oscar G. Murray, Receivers of the Baltimore & Ohio Railroad Company, and the Baltimore & Ohio Railroad Company.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass against carrier for loss of perishable goods.    Before McCLUNG, J.

Verdict for plaintiff for $800, upon which judgment was entered for $400, all in excess having been remitted.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Johns McCleave,* of *Watson & McCleave,* with him *John M. Freeman,* for appellant.—The plaintiff's own testimony shows as clearly as mathematics can demonstrate that this car could not possibly have been delivered by defendants within a reasonable time, before the contents had spoiled, and that the plaintiff's damage, if any, was due either to his own negligence in improperly packing its goods or to delay on the initial carrier, the Cincinnati, Hamilton & Dayton Railway Company.

The evidence of the plaintiff that its goods were so packed that they would not keep in good condition longer than from two and a half to three days, and that the car was delayed two and three fourths days on the Cincinnati, Hamilton & Dayton, cast upon the plaintiff the burden of proving that its goods were in good condition when delivered to the defendants by the Cincinnati, Hamilton & Dayton Company: Swetland v. Boston & Albany R. R. Co., 102 Mass. 276; Marquette, H. & O. R. R. Co. v. Kirkwood, 45 Mich. 51; Marquette, H. & O. R. R. Co. v. Langton, 32 Mich. 251; Carson v. Harris, 4 Greene (Ia.), 516.

The burden of proof was on the plaintiff to show not only unreasonable delay, but also that such delay was the result of defendant's negligence; Hutchinson on Carriers, section 330.; Geismer v. L. S. & M. S. Ry. Co., 102 N. Y. 563 (7 N. E. Repr. 828); Wibert v. New York & Erie R. R. Co., 12 N. Y. 245; American Express Co. v. Smith, 33 Ohio, 511; Illinois Cent. R. R. Co. v. McClellan, 54 Ill. 58; Empire Transportation Co. v. Wallace, 68 Pa. 302.

*John C. Bane*, with him *E. P. Iams*, for appellee, cited: West Chester & Phila. R. R. Co. v. McElwee, 67 Pa. 311.

OPINION BY WILLIAM W. PORTER, J., October 13, 1902:

One only of the several questions raised by the assignments of error requires consideration, since it strikes at the root of the plaintiff's right to judgment. The action is for damages to a carload of fruit trees and berry plants alleged to have been injured by delay in transportation. The shipment was made at Tadmor, Ohio, a station on the line of the Cincinnati, Hamilton & Dayton Railroad Company. By that road the goods were to be carried to Washington Court House, and thence by the Baltimore & Ohio Railroad to Rockwood, Pa. The plaintiff has sued the Baltimore & Ohio Railroad for negligent delay in the carriage. The evidence adduced by the plaintiff proves that the shipment was made on the afternoon of October 15, 1897; that the initial carrier's haul ended at Washington Court House (a distance of about fifty miles); that the defendant company was required to make the long haul of about 350 miles, and that the car was not delivered to

the defendant company until nine o'clock, October 18. It thus appears that about two and three quarters days were consumed by the initial carrier in transporting the shipment about fifty miles. The evidence is conclusive that the shipment could not possibly have been carried from Washington Court House, and delivered at Rockwood by the defendant company in less than two or three days, the weight of the testimony being that from four to six days were required. The shipment was of perishable property. The evidence adduced by the plaintiff company showed that trees and plants, properly packed, would remain in good condition from two and one half, to three and one half days, the time being dependent upon the character of the packing. It was shown that the packing in the present case was done with reference to the time during which the property was to remain in transit. The witness who did the packing for the plaintiff was asked: " How long did you make allowance for in packing this shipment ? A. I allowed those goods until the morning of the 19th." Another witness for the plaintiff was asked: " How long did you expect those goods would remain in the car when you packed them ? A. We didn't expect that they would be in the car to exceed three days at the outside. . . . Q. Do you think they would have remained in good condition four days and one half ? A. I don't think they would ; no, sir. Q. And you think it is doubtful whether they would remain in good condition four days ? A. The way they were packed, yes. They were very closely packed and they were very damp."

From this evidence it is clear that the goods must have begun to spoil on the morning of the 19th. This would allow the defendant company but one day to haul the car a distance of 350 miles, if the goods were to be delivered uninjured. Hence, had the defendant company made the best possible time, the goods must necessarily have been delivered damaged. The plaintiff attempted to show delay by the defendant company on its line. But if the defendant was negligent in failing to promptly carry, there was no evidence which showed to what extent such alleged delay damaged the plaintiff, or to what extent the delay of the initial carrier was responsible for the injury. If the defendant company were found guilty of negligent delay, the plaintiff, having shown that the initial

carrier was also guilty, could not demand from the defendant company payment of the whole of the damages, since, under the terms of the bill of lading, no carrier was liable for loss or damage not occurring on its own road.   To permit the jury in this case to assess damages was to permit them to guess, in the absence of any evidence whatever, showing what proportion, if any, was payable by the carrier sued.

The plaintiff gains no advantage from any presumption that goods delivered to the initial carrier in good order remain so to destination, since the evidence in the present case shows that the goods shipped could not have remained in good order beyond a limited time.   The judgment entered in the court below is reversed.